**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DARRYL WAYNE HARTFIELD,** | ) | |
| **#23121-077** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **3:05-CV-1709-P** |
| | ) | **ECF** |
| **DAN JOSLIN, Warden,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is currently confined at the Federal Correction Institution (FCI) in Seagoville, Texas. Respondent is the warden at FCI Seagoville. The Court issued process in this case.

Statement of Fact: Following his guilty plea, Petitioner was sentenced to an enhanced sentence of 360 months imprisonment on October 28, 1992. United States v. Hartfield, 3:92cr268-P (N.D. Dallas, Div.). On January 25, 1996, he filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Hartfield v. United States, 3:96cv0238-P (N.D. Tex., Dallas Div.). The District Court adopted the findings, conclusions and

recommendation of the magistrate judge and denied the motion on April 18, 1996.

In the present § 2241 action, Petitioner challenges the enhancement of his sentence under the Armed Career Criminal Act (ACCA). (Petition at 5). He asserts the sentencing court improperly classified his two burglaries and one attempted burglary as "violent felonies," contrary to the Supreme Court's recent holding in Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254 (2005). (Id.). Relying on the savings clause of § 2241, he alleges he is actually and factually innocent of the enhanced sentence. (Id. at 5-9). He further alleges that his counsel was ineffective before and during sentencing in failing to object to the enhancement of his sentence. (Id. at 10).[1]

In response to this Court's order to show cause, the government filed a response, seeking dismissal of the petition for want of jurisdiction. Petitioner did not file a reply.

Findings and Conclusions: Although Petitioner denominates his current petition as one for relief under 28 U.S.C. § 2241, the petition clearly seeks to attack the validity of the federal sentence that he is currently serving.[2]  Shepard did not change the substantive law with respect to the elements

---

[1] In Shepard, the Supreme Court addressed the extent to which information about prior convictions based on guilty pleas may be considered by a later sentencing court when determining the applicability of ACCA, 18 U.S.C. § 924(e), to convictions obtained under 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). 125 S.Ct. 1254, 1257. The ACCA provides a sentence enhancement for a defendant who is convicted under 18 U.S.C. § 922(g)(1) (unlawful possession of a firearm by a convicted felon) and who has three prior convictions for specified types of offenses. Taylor v. United States, 495 U.S. 575, 577-578, 110 S.Ct. 2143, 2147, 109 L.Ed.2d 607 (1990). The Supreme Court limited the evidence a court may rely on to enhance punishment to (1) the terms of the charging documents; (2) a statement of the factual basis for the earlier charges shown by a transcript of the plea colloquy; (3) a written plea agreement presented to the earlier court, or (4) a record of comparable findings of fact adopted by the defendant before entering the plea. Shepard, 125 S.Ct. at 1259-1261, 1263.

[2] Since Petitioner is incarcerated in the Dallas Division of the Northern District of Texas, this Court is the appropriate division to make the determination whether Petitioner may proceed under 28 U.S.C. § 2241. See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir.1999)

2

of the offense for which Petitioner was convicted. See 125 S.Ct. at 1257.  Like Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), and United States v. Booker, 543 U.S. 220, 125 S.Ct 738 (2005), success on his Shepard claim or his ineffective assistance of counsel claim premised on Shepard would affect his sentence, not the criminality of his conduct. See Tracy v. Williamson, 152 F. Appx. 234, 235 (3rd Cir. 2005) (prisoner's challenges to judicial fact-finding at his sentencing under Shepard and to the constitutionality of the ACCA properly should have been brought in a § 2255 motion to vacate); Morton v. United States, 2005 WL 3116085, *2 (W.D.N.C. 2005) (Petitioner's Shepard claim, unlike a Bailey claim, does not attack the criminality of his conduct but rather the length of his sentence); see also Padilla v. United States, 416 F.3d 424, 425 (5th Cir. 2005) (per curiam) (holding that petitioner's Booker claims did not attack his conviction and that his claims challenged only the validity of his sentence); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (challenge to manner in which prisoner's sentence was initially determined, on theory that career offender guideline was not properly applied to his drug conspiracy conviction, had to be brought in a § 2255 motion).

  A collateral attack on a federal criminal conviction is generally limited to a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255.  Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); Cox v. Warden, Fed. Detention Center, 911 F.2d 1111, 1113 (5th Cir. 1990).  A § 2241 habeas petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing.  Tolliver, 211 F.3d at 877-88.  Habeas relief under § 2241 may be appropriate only when the remedy provided under § 2255 is "inadequate or ineffective." – i.e., the so-called

---

(citing, United States v. Weathersby, 958 F.2d 65, 66 (5th Cir.1992)).

3

"savings clause." Jeffers, 253 F.3d at 830. "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." Id.[3]

Petitioner has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective. The Fifth Circuit has long held that "[a] prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement, does not make § 2255 inadequate or ineffective." Jeffers, 253 F.3d at 830; see also Toliver, 211 F.3d at 878.

Nor can Petitioner show that his claims fall within the savings clause. A prisoner seeking to invoke the savings clause of § 2255 must show that he is asserting a claim of actual innocence

> (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005) (per curiam) (quoting Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)). The first prong of the Reyes-Requena's savings-clause test requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent." See Reyes-Requena, 243 F.3d at 903-04. In explaining the requirement, the Fifth Circuit stated that "the core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903.

---

[3] The savings clause of § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.
(Emphasis added).

4

Petitioner cannot utilize the savings clause. He has not alleged, let alone shown, that he is actually innocent of the crime of conviction. All of his arguments are premised on being "innocent" of a "crime of violence," warranting the career offender enhancement. He claims that he can satisfy the actual innocence prong of Reyes-Requena (also described as being convicted of a non-existent offense) because he was sentenced as a career offender based on "crimes of violence" that were not in fact "crimes of violence." Such a claim is not the type of actual innocence claim contemplated by the savings clause. Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (petitioner's argument that his underlying conviction could not support application of the career offender provisions is not the same as an argument that "he is innocent of the crime for which he was convicted," and the former, even if correct, would not entitle him to proceed under § 2255's savings clause); Morton v. United States, 2005 WL 3116085, *2 (W.D.N.C.) (W.D.N.C.,2005) (Petitioner's Shepard claim, unlike a Bailey claim, does not attack the criminality of his conduct but rather the length of his sentence).

Moreover, the procedural rule set out in Shepard is not applicable on collateral review. Tracy v. Williamson, No. 05-2659, 2005 WL 2812805, at *1 (3rd Cir. 2005) (holding Shepard is not retroactively applicable on collateral review); Duong. v. United Sates, 2005 WL 3312630 (S.D. Tex Dec. 6, 2005) (findings, conclusions and recommendation); McCleskey v. United States, No. EP-05-CA-0272-PRM, 2005 WL 1958407, at *6 (W.D. Tex., Aug. 15, 2005). Consequently, Petitioner's Shepard claims may not be brought under the savings clause of § 2241 and his petition should be dismissed for want of jurisdiction.

Liberally construing the § 2241 petition as seeking relief under § 2255, the same is also subject to dismissal for want of jurisdiction. Section 2255 limits the circumstances under which

a federal prisoner may file a second or successive motion for post-conviction relief. It provides that a panel of the appropriate court of appeals must certify that a second or successive § 2255 motion contains one of the following two grounds:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this § 2255 motion. Moreover, as noted previously, the Supreme Court has not yet extended Shepard to cases on collateral review.

Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file a new § 2255 motion, this court lacks jurisdiction to consider the same. See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, the present § 2241 petition, construed as a § 2255 motion, should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the habeas corpus petition pursuant to 28 U.S.C. § 2241 be dismissed for lack of jurisdiction.

It is further recommended that the § 2241 petition, construed as a motion under 28 U.S.C. § 2255, be dismissed for lack of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

It is also recommended that Petitioner's motion to take judicial notice that the government initially failed to file a response (docket #5) and his motion to strike the government's response because filed out-of-time (docket #11) should be denied as moot.

A copy of this recommendation will be mailed to Petitioner and counsel for the government.

Signed this 8th day of February, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.